**Edward PARTON, Appellant,**

v.

**Donald W. WYRICK, Warden, Missouri State Penitentiary, Appellee.**

**No. 82–1700–EM.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 16, 1982.

Decided April 12, 1983.

As Amended on Denial of Rehearing June 30, 1983.

Bradley A. Winters, Coburn, Croft & Putzell, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., Henry T. Herschel, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before ROSS and FAGG, Circuit Judges, and WATERS,* District Judge.

PER CURIAM.

Appellant Edward Parton appeals from an order entered January 25, 1982, by the district court[1] dismissing appellant's petition which sought a writ of habeas corpus on the basis of the alleged ineffectiveness of appellant's state appellate counsel and constitutional errors in the admission of certain evidence.

Parton's trial on a charge of statutory rape began on June 14, 1971, in Division 19 of the Circuit Court of the City of St. Louis, Missouri. On the morning of trial and before the jury was impaneled, Parton filed a *pro se* motion seeking disqualification of appointed trial counsel. The trial court denied Parton's motion, trial counsel participated in jury selection, and after the jury was sworn, Parton moved the court to allow him to represent himself at trial. The court denied Parton's request, stating:

> It has been my experience as a judge in this court that you by far would have a better trial if you left it in the hands of experienced counsel.... [F]or you to take over the trial of this case would be a serious disservice to yourself.... I don't believe you are familiar with the rules of evidence whereas counsel is.

Nevertheless, the court indicated that it would give Parton an opportunity to submit all necessary input during the trial:

> This court will give you all the leeway and latitude necessary for you constantly to confer with counsel and will indulge you while you are doing so. We will be glad to cooperate with you in every possible respect.

> \*       \*       \*       \*       \*       \*

> You will be permitted throughout your trial to confer at length with your counsel....

At trial, counsel failed to object to the introduction of evidence of three prior felony convictions. Parton was convicted and sentenced, pursuant to the Missouri Second Offender Act, to fifty (50) years imprisonment.

On appeal from appellant's conviction, appellant's counsel presented five points for reversal, one of which was that the trial court erred in allowing the state to introduce evidence of Parton's prior convictions. Counsel did not raise the argument that the trial court erred in *refusing Parton's request* to represent himself at trial.

The issues on appeal are: (1) whether the district court erred in failing to find that Parton's appellate counsel was incompetent for his failure to include the matter of the trial court's denial of Parton's motion for self-representation as an issue on appeal; and (2) whether the district court erred in concluding that counsel's failure to object to the admissibility of Parton's prior convictions precludes his raising it in this collateral federal habeas proceeding.

With respect to the former issue, it is clear that Parton must demonstrate (1) that his attorney failed to exercise the customary skills and diligence of a reasonable, competent attorney in failing to raise the issue on appeal; and (2) that Parton was materially prejudiced thereby. *Morrow v. Parratt*, 574 F.2d 411 (8th Cir.1978).

Parton could not have been "prejudiced thereby" unless the issue omitted by appellate counsel had arguable merit. As Parton's trial occurred in 1971, pre-*Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), Missouri law applies to the facts presented.

Missouri Supreme Court Rule 29.01(a) provides, in part:

> If, after being informed as to his rights, the defendant indicates his desire to proceed without the benefit of counsel, and the court finds that he has intelligently waived his right to have counsel, the

---

\* The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

court shall have no duty to appoint counsel unless it appears to the court that, because of the gravity of the offense charged and other circumstances affecting the defendant, the failure to appoint counsel may result in injustice to the defendant.

 In view of the gravity of the possible punishment involved, we think that the trial court could rationally have determined that self-representation would possibly "result in injustice to the defendant."

Missouri Supreme Court Rule 29.01(a) thus presents two obstacles to reversal: (1) considering the discretionary language of the rule, we are unable to conclude that Parton's appellate attorney failed to exercise the customary skills and diligence of a reasonable, competent attorney in not urging the point; and (2) the language of the rule indicates that Parton's self-representation argument was clearly untenable and thus Parton cannot show that he was materially prejudiced by omission of the issue on appeal. *See United States v. Blue Thunder,* 604 F.2d 550 (8th Cir.1979), *cert. denied,* 444 U.S. 902, 100 S.Ct. 215, 62 L.Ed.2d 139.

Even after *Faretta, supra,* the timeliness of a waiver of counsel is a valid factor to be considered. *Fritz v. Spalding,* 682 F.2d 782, 785 (9th Cir.1982); *United States v. Dunlap,* 577 F.2d 867, *cert. denied,* 439 U.S. 858, 99 S.Ct. 174, 58 L.Ed.2d 166.

Thus, it is clear that the trial judge acted within his discretion in denying Parton's request for self-representation made for the first time on the morning of trial. Accordingly, Parton has failed to show that his attorney lacked the skills and diligence of a reasonable competent attorney in not raising the issue on appeal, and has failed to show material prejudice in the omission.

 The question is not whether Parton's attorney's decision not to raise the issue was correct or wise, but rather whether his decision was an unreasonable one which only an incompetent attorney would adopt. Parton has failed to carry his burden of proof in these respects.

Parton also submits that the district court erred in concluding that Parton's trial counsel "deliberately bypassed" his availa-

ble state remedies by failing to object to the admission of the prior convictions during the state trial proceedings.

 The magistrate concluded that Missouri law clearly indicates a defendant must object to the admissibility of prior convictions at the time of proffered admission. The "contemporaneous objection" rule of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), is necessary to insure the integrity of the state criminal trial process. We held in *Parton v. Wyrick,* 614 F.2d 154 (8th Cir.1979), that Parton had "deliberately bypassed his available state remedies" by failing to object to the admission of these convictions. The magistrate characterized this proceeding as "an attempt to replay this claim in a new costume." We agree.

For the reasons stated above, we affirm the district court.