COMMONWEALTH *vs.* ROBERT SOWELL.

No. 91-P-834.

Suffolk. June 12, 1992. - March 22, 1993.

Present: JACOBS, GILLERMAN, & GREENBERG, JJ.

*Homicide. Constitutional Law*, Assistance of counsel. *Practice, Criminal*, Assistance of counsel, New trial, Appeal.

A Superior Court judge, ruling on a criminal defendant's motion for new trial, correctly declined to review the defendant's assertions of claimed errors in jury instructions to which objection had not been taken either at trial or on direct appeal. [230-231]

Discussion of the standard of review under the United States Constitution as set forth in *Strickland* v. *Washington*, 466 U.S. 668 (1984), of a defendant's claim in a motion for new trial that he was denied a fair trial by the ineffective assistance of both his trial counsel and his counsel on direct appeal. [231-232]

A criminal defendant did not demonstrate that his trial counsel or direct appeal counsel provided him with ineffective assistance at trial or on appeal under the standard of *Strickland* v. *Washington*, 466 U.S. 668 (1984), and his motion for a new trial based on that assertion was correctly denied. [232-237]

A criminal defendant was not entitled to an evidentiary hearing on his motion for a new trial, based on the record presented to the judge deciding the motion. [237-238]

INDICTMENT found and returned in the Superior Court Department on June 16, 1983.

A motion for a new trial, filed on July 7, 1988, was heard by *Herbert F. Travers, Jr.*, J.

*Greta A. Janusz* for the defendant.

*Jane A. Sullivan*, Assistant District Attorney, for the Commonwealth.

JACOBS, J. After a Superior Court jury found him guilty of second degree murder, the defendant retained new counsel and appealed to this court. The conviction was affirmed in *Commonwealth v. Sowell*, 22 Mass. App. Ct. 959 (1986),

and the Supreme Judicial Court denied the defendant's petition for further appellate review. 398 Mass. 1104 (1986). In 1988, the defendant filed a motion for a new trial which was argued to the trial judge in 1991 by a third attorney, his current counsel. On appeal from the denial of that motion, the defendant argues (1) that the cumulative effect of the trial judge's erroneous jury instructions violated his constitutional right to a fair trial, (2) that both trial and direct appeal counsel ineffectively assisted him, and (3) that newly discovered evidence presented to the motion judge requires a remand for findings, an evidentiary hearing, or an order for new trial. We affirm the denial of the motion for new trial.

As a general rule, a defendant is precluded from asserting, in a motion for new trial, claims of error which he could have raised, but did not raise, at trial or on appeal. *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973). *Commonwealth* v. *Lowe*, 405 Mass. 1104, 1105 (1989). *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 14 (1986). This preclusive principle has been held to limit review notwithstanding that the claimed errors may be of constitutional dimension. See *Commonwealth* v. *Underwood*, 358 Mass. 506, 511-512 (1970); *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 58-59 (1974); *Commonwealth* v. *Miranda*, *supra* at 18-19. Accordingly, the judge correctly declined to review the defendant's assertions of claimed errors in jury instructions to which objection was not taken either at trial or on direct appeal.

Relying on one of the recognized exceptions to this general rule of waiver, see *Commonwealth* v. *Miranda*, *supra* at 14-18, the defendant argues that some of the trial issues were resurrected and preserved for appellate review by the judge's consideration of them. See *Commonwealth* v. *Buckley*, 17 Mass. App. Ct. 373, 374 (1984). That argument overlooks the judge's awareness of and sensitivity to the principle of revival of waived issues and his express statement that he was not addressing, in the motion proceedings, issues which "could have been . . . raised either at trial or in the direct

appeal."[1] His two-paragraph commentary upon issues raised in the motion for new trial, filling less than one page of a four-page decision, hardly constitutes the unqualified and extensive consideration of trial questions, *ibid.*, which is indicative of a perception "that a miscarriage of justice might otherwise result." *Commonwealth* v. *Harrington*, 379 Mass. 446, 449 (1980).

The defendant makes claim to another recognized exception to the waiver rule by arguing, in his motion for new trial and before us, that both trial counsel and direct appeal (appellate) counsel were ineffective. See *Commonwealth* v. *Miranda, supra* at 17-18. His challenge, as set out in his brief, is grounded solely on his right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and not upon any State constitutional right.[2] Accordingly, our review is governed by the standard set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687 (1984). That standard has been found to be the same for both trial and appellate counsel. See *Matire* v. *Wainright*, 811 F.2d 1430, 1435 (11th Cir. 1987), citing *Peoples* v. *Bowen*, 791 F.2d 861 (11th Cir.), cert. denied, 479 U.S. 994 (1986). The *Strickland* standard requires that "the defendant must first show that 'counsel's performance was deficient' in that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense' in that 'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' " *Commonwealth* v. *Cardenuto*, 406 Mass. 450, 454 n.8 (1990), quoting from

---

[1] The judge concluded that there was "very little, if anything . . . raised by the defendant that is not disposed of by [the waiver] rule." The judge labeled the claims of ineffective assistance as an "attempt . . . to give new life to the [substantive] contentions under [the] guise of their being the acts or failures of counsel . . . ." He specifically found that neither trial nor direct appeal counsel was ineffective.

[2] The defendant, in both his motion for new trial and his brief, indicates that he anticipates further review under Federal habeas corpus standards pursuant to 28 U.S.C. § 2254 (1988).

*Strickland* v. *Washington, supra* at 687. Federal courts, in addressing the issue of appellate counsel's effectiveness under the *Strickland* standard, have focused upon whether appellate counsel "failed to raise a significant and obvious issue . . . which . . . may have resulted in a reversal of the conviction, or an order for a new trial . . . ." *Gray* v. *Greer*, 800 F.2d 644, 646 (7th Cir. 1986).[3]

The defendant argues that trial counsel's representation was deficient in seven specific respects and, in addition, sets forth approximately fourteen claimed deficiencies of counsel in relation to the jury instructions, several of the latter being repetitive of his general assertions of error intrinsic in the instructions delivered at trial. He further maintains the existence of a nexus between the performance of trial counsel and appellate counsel in that the latter failed to argue the errors of the former on direct appeal. The review of such contentions has been described as requiring a determination "whether the issues which [the defendant] claims appellate counsel failed to raise, would have been clearly more likely to result in reversal or an order for a new trial, and were so obvious from the trial record that the failure to present such issues amounted to ineffective assistance of appellate counsel." *Gray* v. *Greer*, 800 F.2d at 647.

We, therefore, turn to the trial court record which was before this court in the first appeal. The evidence indicated that "the defendant and another man (James Doherty) went to the victim's apartment. . . . Shortly after the defendant

---

[3]We have been unable to find a case in the United States Court of Appeals for the First Circuit specifically addressing this issue, nor has one been brought to our attention. But see *United States* v. *Carlson*, 561 F.2d 105, 109 (1st Cir.), cert. denied, 434 U.S. 973 (1977). However, in addition to the cases cited for the Sixth, Fifth, and Second Circuits in *Gray* v. *Greer*, 800 F.2d at 646, the following decisions in other circuits are in accord with the application of the *Strickland* standard to determine the effectiveness of appellate counsel: *Parton* v. *Wyrick*, 704 F.2d 415, 416 (8th Cir. 1983); *United States* v. *Birtle*, 792 F.2d 846, 847 (9th Cir. 1986); *Diggs* v. *Owens*, 833 F.2d 439, 446 (3d Cir. 1987), cert. denied, 485 U.S. 979 (1988); *Smith* v. *South Carolina*, 882 F.2d 895, 898-899 (4th Cir. 1989), cert. denied, 493 U.S. 1046 (1990); *Tapia* v. *Tansy*, 926 F.2d 1554, 1564 (10th Cir.), cert. denied, 502 U.S. 835 (1991).

and Doherty left the building, the victim was found in his apartment bleeding to death from a severe stab wound." *Commonwealth* v. *Sowell, supra* at 959. Both the Commonwealth and the defendant tried and argued the case on the basis that the stabbing was a solitary venture — with the prosecution relying primarily on evidence that the victim, in a dying declaration, identified the defendant as the assailant and the defendant grounding his defense on the testimony of two witnesses to the effect that Doherty, who was dead at the time of trial, had admitted to the stabbing. The issue of joint venture was introduced only by the judge's "unsolicited" instruction. *Id.* at 962. Our review of the trial record confirms the observation made by the judge in his decision on the motion for new trial that the defendant's strategy "was well thought out" by experienced trial counsel and "was aimed at obtaining an acquittal," and that "the defendant personally concurred in [that] approach."

The defendant, by his wide-ranging attack on appellate counsel's and, in turn, trial counsel's performance, sparing virtually no aspect of their representation, misperceives the role of competent appellate advocacy. The challenge is not to identify every plausible argument but rather to argue those issues which are most likely to be resolved in favor of one's client. "Legal contentions, like the currency, depreciate through over-issue." *Jones* v. *Barnes*, 463 U.S. 745, 751-752 (1983), quoting from Justice Jackson, Advocacy Before the United States Supreme Court, 25 Temple L.Q. 115, 119 (1951). " '[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith* v. *Murray*, 477 U.S. 527, 536 (1986), quoting from *Jones* v. *Barnes, supra* at 751. Our review of the transcripts of the trial and the defendant's brief on direct appeal, read in the light of this court's opinion in *Commonwealth* v. *Sowell, supra*, supports the conclusion that appellate counsel selected for argument the critical issues in the trial and generally did not argue points that were either irrelevant or considerably weaker and that, in any event, were

likely to detract from the force of the stronger arguments. The defense at trial reasonably was premised on the defendant's being totally uninvolved in the stabbing and not being present at the time of its occurrence. Appellate counsel, therefore, logically focused on evidence that implicated his client and not on the tangential matters now argued by the defendant that are more distantly related to the central issue. Appellate counsel devoted a substantial part of his brief to arguing that a "dying declaration" of the victim implicating the defendant erroneously was admitted together with evidence of consciousness of guilt. Substantial reliance on these arguments was tactically sound since they attacked the core of the prosecution's case and had plausible support in the record. Additionally, appellate counsel reasonably argued that the judge's instructions, as a whole, were fatally defective and specifically addressed the unsolicited joint enterprise charge and the judge's withdrawal of involuntary manslaughter from the jury's consideration.

By contrast, the defendant's claims of ineffective assistance of counsel comprise assertions which, even if correct, involve matters which relate to reasonable tactical choices or are so distantly connected to the central issues that they would not have resulted in a reversal. Hence, trial counsel's failure to retain experts to give evidence on the issues relating to intoxication and defensive use of the alleged murder weapon or to take issue with the police failure to produce the weapon at the time of trial would have undermined and been inconsistent with the innocence defense which was pursued throughout the trial. *Commonwealth* v. *Doucette*, 391 Mass. 443, 458 (1984). The trial transcript does not support the defendant's claim that trial counsel failed to prepare him to testify or to meet cross-examination. In the face of strong evidence of his guilt, the defendant's decision to testify was reasonable. So too was trial counsel's decision not to make an opening statement well "within the realm of trial strategy." *Commonwealth* v. *Cohen*, 412 Mass. 375, 390-391 (1992), quoting from *United States* v. *Salovitz*, 701 F.2d 17, 20-21 (2d Cir. 1983). The defendant's claim that trial counsel,

through ineffectiveness, failed to object to two of the prosecutor's questions to the defendant concerning his use of narcotics is simply incorrect in view of the defendant testifying extensively during direct examination to his narcotic use. The cross-examination did not rise to the level of impeachment by introduction of prior bad acts. The defendant's claim that trial counsel reacted ineffectively to potential juror problems overlooks the fact that the problems were brought to the attention of the judge and addressed by him. The claim that trial counsel failed properly to prepare for trial is unsupported in the record and merely illustrates that each succeeding lawyer "who refights a campaign on the written record finds ways to fight it better." *Commonwealth* v. *McGann*, 20 Mass. App. Ct. 59, 61 (1985).

Notwithstanding that appellate counsel argued that the cumulative effect of instructional errors created a substantial likelihood of miscarriage of justice under the standard of *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967), and that this court reviewed objections to the final jury instructions on joint venture and manslaughter under that standard, the defendant now argues that trial counsel was ineffective in failing to object to certain instructions and to request others. With two exceptions, the assertion of trial counsel's failure to object relates to areas in the instructions that were fully reviewed by this court in its earlier decision. We stated that "[t]he judge also carefully instructed the jury on all the principles . . . under the dying declaration exception," *Commonwealth* v. *Sowell, supra* at 960, and that "[t]he instructions [on the consciousness of guilt evidence] were thorough and generally in conformance with the principles set forth in *Commonwealth* v. *Toney*, 385 Mass. 575, 585 (1982)." *Id.* at 961. The joint venture and manslaughter instructions were reviewed under the miscarriage of justice standard of *Commonwealth* v. *Freeman, supra* at 563-564. Although the previous review of this court involved different standards from those implicated by a claim of ineffective assistance of counsel, the "inquiries conclude with the same question: whether there was a substantial chance the jury

would have acted differently had things gone as the defendant now claims they should have gone. Where an appellate court has already answered that question in the negative, a claim based upon the same issue but newly attired in the garb of ineffective assistance of counsel is duplicitous . . . ." *Commonwealth* v. *Silva*, 25 Mass. App. Ct. 220, 228 (1987).[4]

The defendant's claim that trial counsel failed to object to burden-shifting language, made without elaboration, citation of authority, or reference to the record does not rise to the level of adequate appellate argument. *Commonwealth* v. *Bowler*, 407 Mass. 304, 310 (1990). The failure to object to the judge's description of the language, but not the substance, of *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850), as "archaic" does not constitute error. See *Commonwealth* v. *Stanton*, 17 Mass. App. Ct. 1, 6-7 (1983). Cf. *Commonwealth* v. *Dupree*, 22 Mass. App. Ct. 945 (1986).

The defendant argues further that trial counsel, through ineffectiveness, failed to request instruction on intoxication. The defendant testified he was "straight" when he entered the victim's apartment and although there was evidence that he used "angel dust" while at the apartment, we agree with the trial judge that "[t]here was no evidence that [the defendant's] past use of 'angel dust' had affected him . . . at the time of the killing." "A primary difficulty with the defendant's claim is that the defense was not one of intoxication. The defendant did not rely on intoxication as a mitigat-

---

[4]Excepting ineffective assistance of trial counsel from the waiver rule is especially realistic when trial counsel also acts as direct appeal counsel and, therefore, is unlikely to be self-critical on appeal. See *Commonwealth* v. *Lanoue*, 400 Mass. 1007, 1007-1008 (1987). It is arguable, however, that, if the pragmatic objective of a sensible and balanced "allocation of limited legal and judicial resources" which justifies the waiver rule is to be served, see *Commonwealth* v. *Pisa*, 384 Mass. 362, 366 (1981), there is no logical support for permitting a postappeal challenge based upon ineffective assistance of trial counsel in cases in which independent new counsel could have raised the claim on direct appeal, and in which no showing is made of a substantial risk of a miscarriage of justice under the authority of *Commonwealth* v. *Freeman*, 352 Mass. 556 (1967). In view of our decision, it is unnecessary that we address that argument.

ing factor at any point in the trial. . . . He did not suggest or even intimate that, as a result of his [drug use], he was incapable of forming the requisite specific intent." *Commonwealth* v. *Fano*, 400 Mass. 296, 306 (1987). "In the absence of evidence of intoxication and its effect on the defendant, there can be no claim of debilitating mental impairment due to intoxication." *Id.* at 307. "[G]iven the lack of evidence of intoxication, the failure to [request an instruction] does not constitute ineffective assistance of counsel." *Id.* at 305-306 n.15.

In claiming that trial counsel should have requested an identification instruction, the defendant misperceives the state of the evidence. Testimony was presented that the victim, who knew the defendant, identified him by nickname as the person who did the stabbing. See *Commonwealth* v. *Sowell, supra* at 960. This was not a case presenting the possibility of a mistaken identification calling for an appropriate instruction pursuant to *Commonwealth* v. *Rodriguez*, 378 Mass. 296, 310-311 (1979). See *Commonwealth* v. *Pressley*, 390 Mass. 617, 620 (1983). Instead, as the judge recognized, the question was whether the victim erroneously had accused the defendant of stabbing him. The defendant has failed not only to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland* v. *Washington*, 466 U.S. at 689, but he has failed also to demonstrate material prejudice.

The defendant's claim of entitlement to an evidentiary hearing with respect to his motion for a new trial is fatally weakened by the judge's correct finding that the testimony of an expert with respect to how the fatal knife wound occurred was not newly discovered evidence and by his present counsel's agreement to proceed with the motion for a new trial without an evidentiary hearing. The defendant has also failed to establish that the information that Doherty stabbed the victim was not discoverable before trial. In any event, based upon the affidavits and information presented to the judge, we conclude that he did not abuse his broad discretion in

deciding the motion without hearing oral testimony. See *Commonwealth* v. *Stewart*, 383 Mass. 253, 257 (1981).

The order dated March 20, 1991, denying the defendant's motion for a new trial is affirmed.

*So ordered.*