A jury convicted the defendant, Juan A. Figueroa, Jr., of murder in the second degree in 2009, and the trial judge denied his motion for a reduction of the verdict under Mass.R.Crim.P. 25(b)(2), as amended, 420 Mass. 1502 (1995). In 2017, more than eight years after the denial of his first rule 25(b)(2) motion, the defendant filed a second rule 25(b)(2) motion, seeking a reduction of the verdict to manslaughter or a new trial. He contended, as before, that his conviction of murder in the second degree was not "consonant with justice," and, further, that appellate counsel's alleged ineffectiveness for failing to challenge the denial of the first rule 25(b)(2) motion and a particular jury instruction on direct appeal resulted in a miscarriage of justice.[2] As the trial judge had retired, a second Superior Court judge denied the motion without an evidentiary hearing. The defendant appeals. We affirm.
Discussion. 1. Relief under rule 25(b)(2). The trial judge denied the defendant's first rule 25(b)(2) motion, and the defendant did not challenge that ruling on direct appeal. Eight years later, the defendant filed a second motion under rule 25(b)(2), insisting that it was "not a motion for a new trial pursuant to Mass.R.Crim.P. 30 [, as appearing in 435 Mass. 1501 (2009) ], and [that he did] not wish it to be so construed." The motion judge denied the motion "on the merits" and without a hearing.
Rule 25(b)(2) authorizes two distinct types of motions. The first "permits a motion for a new trial to be presented in conjunction with the renewal of a denied motion for a required finding of not guilty" after a jury has been discharged. Commonwealth v. Keough, 385 Mass. 314, 317 (1982). We are concerned here with the second type, which gives trial judges the "option to reduce a verdict [as] a means to rectify a disproportionate verdict, among other reasons, short of granting a new trial." Commonwealth v. Woodward, 427 Mass. 659, 667 (1998). Under this part of rule 25(b)(2), "a trial judge has broad authority to reduce a jury's verdict, despite the presence of legally sufficient evidence to support it." Commonwealth v. Grassie, 476 Mass. 202, 214 (2017).
The second sentence of rule 25(b)(2) has no time limit, and "[t]his absence of a time limit on the filing of such a motion is paralleled by the absence of any time limit on the filing of a motion for a new trial under Mass.R.Crim.P. 30(b)." Keough, supra at 318. It follows, the defendant contends, that he may file multiple rule 25(b)(2) motions because he would be permitted to file multiple motions under rule 30(b). The Commonwealth contends that a defendant is permitted only one rule 25(b)(2) motion, noting that rule 30(b) permits a judge to grant a motion for a new trial "at any time," whereas rule 25(b)(2) does not contain similarly broad language.
We need not resolve this question, because the relief the defendant seeks under rule 25(b)(2) is nonetheless available under rule 30(b). In fact, our cases have at times treated motions filed under rule 25(b)(2) as being essentially interchangeable with rule 30(b) motions. See Commonwealth v. Gilbert, 447 Mass. 161, 167 (2006)[3] ; Commonwealth v. Pring-Wilson, 448 Mass. 718, 731-732 (2007), and cases cited therein. Moreover, "in rare cases, in order to fulfil the obligation incorporated in Mass.R.Crim.P. 30(b) to determine whether 'justice may not have been done,' a trial judge may need to look beyond the specific, individual reasons for granting a new trial to consider how a number of factors act in concert to cause a substantial risk of a miscarriage of justice and therefore warrant the granting of a new trial." Commonwealth v. Rosario, 477 Mass. 69, 77-78 (2017). Notwithstanding the defendant's disavowal in the trial court of any intent to have his motion treated as a rule 30(b) motion, the defendant in his brief to this court has subtly shifted his emphasis and invoked the "confluence of factors" language from rule 30(b) jurisprudence. See id. at 77, and cases cited therein. Accordingly, we consider the judge's denial of his motion through that lens.
2. Confluence of factors. The defendant contends that the facts of his case are consonant with a verdict of manslaughter, and that an erroneous instruction on the Commonwealth's burden of proving murder in the second degree contributed to the wrong verdict.[4] The motion judge denied the defendant's motion "on the merits," finding "no weakness in the critical evidence presented at trial, ... no un-cured error in the jury instructions, ... [and] no ineffective assistance of appellate counsel."
"Whether an appeal is from the granting or the denial of a motion for a new trial, an appellate court will examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). See generally Commonwealth v. Brescia, 471 Mass. 381, 387-391 (2015) (discussing standard of review for allowing of new trial motion on ground that justice may not have been done). "Under the abuse of discretion standard, the issue is whether the judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives.' " Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). We conclude that the motion judge made no error of law and did not abuse her discretion in denying the motion.
At the defendant's trial, the jury were presented with two vastly differing versions of the events. The trial judge, who had the opportunity to assess the credibility of the defendant's version, denied the defendant's posttrial motion to reduce the verdict, necessarily concluding that the jury's verdict comported with the weight of the evidence. The motion judge saw no reason to disturb that conclusion, and neither do we. This is not a case in which "a number of factors act in concert to cause a substantial risk of a miscarriage of justice and therefore warrant the granting of a new trial." Rosario, 477 Mass. at 78. The defendant received a fair opportunity to present his version of the case. The jury were warranted in convicting him of murder in the second degree, where the evidence showed that once the defendant had overpowered the victim and taken the knife from him, he stabbed him five times rather than availing himself of the opportunity to retreat. The defendant's decision to flee the scene, destroy evidence, and evade the authorities bespeaks malice more than it suggests a credible claim of self-defense or accident. See Commonwealth v. Lyons, 444 Mass. 289, 292 ("[T]o justify a reduction in the verdict, there must be some weakness in the critical evidence ... or some weakness in the evidence coupled with trial error").
Nor do we think that the judge's single erroneous utterance concerning the Commonwealth's burden of proof creates a substantial risk of a miscarriage of justice.[5] After properly instructing the jury that the Commonwealth must prove both elements of murder in the second degree beyond a reasonable doubt, the judge stated, "If, however, you find in your consideration of the evidence the Commonwealth has failed to prove one or more of these elements then you should consider finding the defendant not guilty of the crime of murder in the second degree" (emphasis supplied). The judge misspoke; she should have instructed that the jury "must" find the defendant not guilty of murder in the second degree if the Commonwealth failed to prove any element thereof. However, in the instructions both preceding and following this error, including a supplemental instruction in response to the jury's request to be reinstructed on murder in the first degree, murder in the second degree, and manslaughter, the judge correctly informed the jury of the verdicts available to them and repeatedly stated that the Commonwealth had the burden to prove the elements of any crime beyond a reasonable doubt. See Commonwealth v. Silva, 455 Mass. 503, 524 (2009) (no substantial likelihood of miscarriage of justice in cases involving two irreconcilable instructions if "considering the charge as a whole, ... the instructional center of gravity falls on the side of the correct instruction").
Finally, the defendant argues that he is entitled to a new trial because of the ineffective assistance of appellate counsel on direct appeal, who did not challenge the erroneous jury instruction or the denial of his original rule 25(b)(2) motion. "When assessing whether appellate counsel's behavior fell below the standard of an ordinary, fallible lawyer, we focus on whether appellate counsel 'failed to raise a significant and obvious issue ... which ... may have resulted in a reversal of the conviction, or an order for a new trial.' " Commonwealth v. Aspen, 85 Mass. App. Ct. 278, 282 (2014), quoting from Commonwealth v. Sowell, 34 Mass. App. Ct. 229, 232 (1993). "The challenge is not to identify every plausible argument but rather to argue those issues which are most likely to be resolved in favor of one's client." Sowell, supra at 233.
The affidavit of appellate counsel, describing his reasons for pursuing the issues that he did, was submitted in the proceedings on the defendant's motion. Counsel focused on other issues because he "did not think that the issue was as strong as the issues [he] raised in the brief, and [he] did not feel it would have been wise to substitute the 'consider' argument for one of the other arguments" because the judge's instructions as a whole cured the error. We agree with appellate counsel's assessment, and with the motion judge's conclusion that counsel's decision to focus on other arguments than those subsequently pressed in the postconviction motion was not manifestly unreasonable. See Commonwealth v. Zagrondy, 443 Mass. 93, 98 (2004) ; Commonwealth v. Jones, 42 Mass. App. Ct. 378, 380 (1997).[6]
Order denying motion for relief under Mass.R.Crim.P. 25(b)(2) affirmed.

We affirmed the judgment in Commonwealth v. Figueroa, 82 Mass. App. Ct. 1123 (2012). The Supreme Judicial Court denied further appellate review, 464 Mass. 1103 (2013).

In Gilbert, supra at 162-163, acting on the defendant's rule 30(b) motion, a judge reduced a murder in the first degree verdict to a verdict of murder in the second degree under rule 25(b)(2). The court affirmed the order, notwithstanding that the new trial motion was filed eleven years after the defendant's conviction of murder in the first degree, the motion judge was not the trial judge, and the Supreme Judicial Court had previously affirmed the conviction and denied relief under G. L. c. 278, § 33E.

The defendant's brief also refers, in passing, to the defendant's abusive childhood and psychosocial history, without providing any record citation or otherwise developing the claim. "We decline to address the [defendant's] cursory and unsubstantiated argument, as it does not rise to the level of acceptable appellate argument." Cameron v. Carelli, 39 Mass. App. Ct. 81, 86 (1995).

The defendant objected to the instruction at trial, but did not pursue his challenge on direct appeal. Accordingly, the claim is unpreserved and "we grant relief only if we conclude that the waived error created a substantial risk of a miscarriage of justice standard. Commonwealth v. Randolph, 438 Mass. 290, 293, 296 (2002).

As the defendant's motion did not raise a "substantial issue," the motion judge did not abuse her discretion by declining to hold an evidentiary hearing. See Commonwealth v. Chatman, 466 Mass. 327, 334 (2013).