NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-868

COMMONWEALTH

vs.

VIRIATO F. DEPINA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a District Court judge's denial of his motion for a new trial.[1]  We affirm.

The defendant claims that his trial counsel and first appellate counsel were ineffective.[2]  Generally, to prevail on an ineffective assistance of counsel claim a defendant must demonstrate that, but for his counsel's "serious incompetence, inefficiency, or inattention," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), "the result of the proceeding would have been different," Commonwealth v. Mahar, 442 Mass. 11, 15 (2004),

_____

[1] In a margin notation, the judge denied the motion and wrote "(evidentiary hearing)"; however, the parties agree the hearing was not evidentiary.  Nothing turns on this discrepancy.

[2] Following a jury trial, the defendant was convicted of aggravated assault and battery, and assault and battery by means of a dangerous weapon.  A panel of this court affirmed the convictions.  See Commonwealth v. Depina, 87 Mass. App. Ct. 1107 (2015).

quoting Strickland v. Washington, 466 U.S. 668, 694 (1984).

When assessing whether appellate counsel was ineffective, "we

focus on whether appellate counsel 'failed to raise a

significant and obvious issue . . . which . . . may have

resulted in a reversal of the conviction, or an order for a new

trial.'"  Commonwealth v. Aspen, 85 Mass. App. Ct. 278, 282

(2014), quoting Commonwealth v. Sowell, 34 Mass. App. Ct. 229,

232 (1993).  The defendant identifies three areas wherein he

claims his attorneys were ineffective.[3]  We address each in turn.

1.  Use of the term victim.  The defendant claims that his

trial counsel was ineffective for failing to object to the use

of the term "victim" to describe M.O., and that appellate

counsel was ineffective for failing to raise this issue in his

direct appeal.  In pertinent part, the complaint alleged that

the defendant assaulted and beat M.O, who sustained significant

injuries.[4]

During the trial, the prosecutor and Commonwealth witnesses

referred to M.O. as the victim multiple times.  As a general

rule, "the better practice is for the prosecutor, defense

---

[3] The record does not contain an affidavit from the defendant's
trial counsel or first appellate counsel.  See Commonwealth v.
Goodreau, 442 Mass. 341, 354 (2004) (judge may consider lack of
affidavit from counsel in rejecting claim of ineffective
assistance).
[4] M.O. suffered a fractured skull, concussion, severe abrasions,
and internal bleeding.

2

counsel, the judge, and all of the witnesses to refrain from describing the person [injured] as the victim." Commonwealth v. Cadet, 473 Mass. 173, 181 (2015). Here, M.O. insisted that she -- not the defendant -- was the cause of her injuries, and that she had not been assaulted. The jury were not required to believe this testimony. See Commonwealth v. Lao, 443 Mass. 770, 779 (2005). "We assume 'a certain degree of jury sophistication' . . . and do not think it likely that the jury were swayed" by the use of the term victim. Commonwealth v. Cadet, 473 Mass. at 181, quoting Commonwealth v. Kozec, 399 Mass. 514, 517 (1987). In the circumstances of this case, the use of the word victim did not create a substantial risk of a miscarriage of justice and therefore trial counsel was not ineffective for failing to object to it; appellate counsel was also not ineffective for failing to raise the issue in the direct appeal. See Breese v. Commonwealth, 415 Mass. 249, 252 (1993) (if defendant received effective assistance of counsel at trial, no argument appellate counsel was ineffective).

2. Testimony regarding scuff marks. The defendant next argues that his trial attorney was ineffective for failing to object to a police detective's opinion as to the source of scuff marks on M.O.'s shoe.[5] On direct examination, the detective

_____

[5] The shoe was entered in evidence without objection.

3

testified that the shoe had "a scuff down the side and some black markings on it." When asked whether he was "able to make any opinion on the scuff marks on that shoe," the detective said that "[i]t was like [the shoe] was dragged across the pavement."

Even if we assume that an objection to the detective's testimony would have been sustained by the judge, its admission did not create a substantial risk of a miscarriage of justice. Through cross-examination, trial counsel effectively raised doubt about the source and timing of the scuff marks, thereby diminishing any prejudice to the defendant. To the extent that this was a tactical decision, it was not manifestly unreasonable when made, and therefore trial counsel was not ineffective. See Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006). And, because trial counsel was not ineffective, neither was appellate counsel. See Breese, 415 Mass. at 252.

3. Prosecutor's closing argument. Finally, the defendant contends that his trial counsel was ineffective for failing to object to the prosecutor's closing argument because the prosecutor misstated the reasonable doubt standard, improperly vouched for Commonwealth witnesses, and misstated the evidence. We are guided by the well-known proposition that "[r]emarks made during closing arguments are considered in the context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury." Commonwealth v. Philbrook, 475 Mass.

4

20, 28 (2016), quoting Commonwealth v. Sylvia, 456 Mass. 182, 193 (2010). We presume that the jury follows all of the judge's instructions. See Commonwealth v. Cheremond, 461 Mass. 397, 414 (2012).

a. Reasonable doubt standard. The defendant takes issue with the prosecutor's statement that "even if there's some part of you that wants to give [the defendant] the benefit of the doubt, just some small part, you can't. Because, his behavior was so wanton and reckless it caused serious injury to [M.O.]." This statement is problematic and was better left unsaid. However, shortly before the challenged statements, the prosecutor explicitly acknowledged that she bore the burden of proof beyond a reasonable doubt. Further, the judge gave clear and precise instructions to the jury on the purpose of closing arguments and the burden of proof. Taken as a whole, the challenged portions of the prosecutor's closing did not create a substantial risk of a miscarriage of justice. See Commonwealth v. Jones, 471 Mass. 138, 148 (2015).

b. Vouching. The defendant contends that the prosecutor improperly vouched for the Commonwealth's case and witnesses.[6]

---

[6] The challenged remarks included that there is "no other possible reason for why this happened"; "their story -- the story that they want you to believe -- does not make sense. It's improbable, and it's ridiculous"; "[t]he Commonwealth believes that we have proven beyond a reasonable doubt that [the defendant] did this intentionally"; and "why would these two

5

Vouching occurs when "an attorney expresses a personal belief in the credibility of a witness or indicates that . . . she has knowledge independent of the evidence before the jury." Commonwealth v. Kee, 449 Mass. 550, 560 (2007), quoting Commonwealth v. Ortega, 441 Mass. 170, 181 (2004). None of the challenged remarks suggested that the prosecutor had personal knowledge of the witnesses' credibility or independent knowledge of evidence that was not before the jury. See Commonwealth v. Grier, 490 Mass. 455, 471 (2022). The remarks are best described as the prosecutor's attempt to marshal the evidence and suggest to the jury the conclusion they should draw from it, all of which is permissible. See Commonwealth v. Rutherford, 476 Mass. 639, 643 (2017).

c. Misstating the evidence. Finally the defendant claims that the prosecutor misstated the evidence or referenced evidence not in the record when she argued that the jury should consider the age difference between the defendant and M.O. when assessing whether the defendant had influenced M.O.'s testimony. The prosecutor was permitted to ask the jury to draw an inference that the defendant influenced M.O.'s testimony based on the age disparity between the two and the nature of their

_____

[witnesses], who have no idea who these individuals are, why would they testify to that yesterday? They testified to it, because it's true."

6

dating relationship.  See Commonwealth v. Diaz, 478 Mass. 481, 487 (2017), quoting Commonwealth v. Burgess, 450 Mass. 422, 437 (2008) ("A prosecutor may attempt to 'fit all the pieces of evidence together' by suggesting what 'conclusions the jury should draw from the evidence'").

Trial counsel was not ineffective for failing to object to the prosecutor's closing argument; nor was appellate counsel ineffective for failing to raise it in the defendant's direct appeal.  See Breese, 415 Mass. at 252.

Order denying motion for a new trial affirmed.

By the Court (Milkey, Blake & Sacks, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  September 28, 2023.

---

[7] The panelists are listed in order of seniority.